UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARQUINIS L. HEARD #816027,

        Petitioner,               Civil Case No. 14-14840
                                           Honorable Linda V. Parker

v.

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Tarquinis Heard (Petitioner) is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Petitioner challenges his convictions for three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct, but fails to set forth any claims for relief. The petition, therefore, will be dismissed without prejudice and accordingly, Petitioner's motion for guidance is rendered moot.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules

Governing Section 2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error."  *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted).

Petitioner uses a form § 2254 petition.  The section provided for setting forth the claims raised in the petition is blank.  (See ECF No. 1 at Pg. ID 5–11.)  Thus, the Court cannot determine the nature of Petitioner's habeas claims and will dismiss the petition without prejudice.

## II.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the

2

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability is **DENIED**; consequently, Petitioner's motion for guidance (ECF No. 6) is **RENDERED MOOT**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 26, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager